UNITED STATUS DISTRICTCOURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

IBRAIN DIAZ,

      Plaintiff,                             Case No.: 3:23-CV-1031-WWB-JBT

v.

RICKY DIXON, Secretary of D.O.C.,
DR. DORTHEANNE ROBERTS, O.D.,
DR. ALEXIS FIGUEROA,
DR. KENNETH RAPPAPORT,
WARDEN LANE, SUWANNEE CORR.
INST., CENTURION, INC.,

      Defendants.
_____/

**DEFENDANT, DR. KENNETH RAPPAPORT'S, MOTION TO DISMISS**

      Defendant, Dr. Kenneth Rappaport, pursuant to Fed. R. Civ. P. 12(b)(6), moves to dismiss Plaintiff's Complaint for failure to state a claim upon which relief can be granted.

1. Plaintiff, Ibrain Diaz, brought the above referenced civil rights action alleging violations of his rights under the Eighth Amendment to the United States Constitution.

2. Page 13 of Plaintiff's Complaint labels his "legal claims" as "VIOLATION OF THE EIGHTH AMENDMENT U.S. CONSTITION [SIC] CRUEL AND UNUSAL [SIC] PUNISHMENT WHEN DEFENDANT'S [SIC] DELIBERATELY DELAYED TREATMENT OF HIS LEFT EYE RESULTING IN A WORSE CONDITION."

1

3. Plaintiff's "legal claims" commingles all defendants, realleges all allegations against all defendants, and constitutes an improper shotgun pleading and fails to put Dr. Rappaport on notice of the factual allegations supporting the claims against it. Accordingly, Plaintiff's Complaint should be dismissed for failure to comply with Rule 8 and Rule 10 of the Federal Rules of Civil Procedure.

## MEMORANDUM OF LAW

### I.     Plaintiff's complaint should be dismissed for failure to comply with Rules 8 and 10 of the Federal Rules of Civil Procedure.

"Federal Rule of Civil Procedure 8(a)(2) requires only a 'short and plain statement of the claim showing that the pleader is entitled to relief.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting Fed. R. Civ. P. 8(a)(2)). The allegations of Plaintiff's Complaint fail to provide sufficient notice to Dr. Rappaport regarding the claims that are being asserted or the grounds upon which they rest. "Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "Factual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact) . . . ." *Id.* (internal citations and quotations omitted). The obvious purpose of Rule 8 is to "'give the defendant fair notice of what the claim is and the grounds upon which it rests.'" *Id.* (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).

Plaintiff's "Legal Claims" beginning on page 13 of the Complaint fail to give Dr. Rappaport fair notice of what the claim is against him and the grounds upon which the claim rests because the "Legal Claims" reallege and incorporate the entirety of the facts pled in the Complaint without distinguishing which facts are being relied upon regarding the claim being brough against Dr. Rappaport. This failure requires a dismissal of the Complaint.

The Complaint further violates Rule 8 by failing to distinguish among the 6 defendants named in the Complaint. Plaintiff's "Legal Claims" are pled as against "Defendant's" [sic] as a whole rather than against each defendant. A complaint that lumps all the defendants together in each claim and provides no factual basis to distinguish their conduct fails to satisfy Rule 8. *Ramos v. Cty. of Miami-Dade*, 2012 WL 3962436, at *3 (S.D. Fla. Sept. 10, 2012) (citing *Lane v. Capital Acquisitions & Mgmt. Co.*, 2006 WL 4590705, at *5 (S.D. Fla. Apr. 14, 2006)).

The Complaint also violates the requirements of Rule 10. The Complaint is a shotgun pleading that contains approximately 42 paragraphs of general allegations which are incorporated by reference into each of the "Legal Claims." A "shotgun" pleading is a pleading in which it is virtually impossible to know which allegations of fact are intended to support which claim(s) for relief. *Aguila v. Corporate Caterers IV, Inc.*, 2016 WL 1045839, at *1 (S.D. Fla. Mar. 16, 2016) (citing *Anderson v. Dist. Bd. of Trs. of Ctr. Fla. Cmty. Coll.*, 77 F.3d 364, 366 (11th Cir. 1996)). A shotgun pleading is therefore one which is calculated to confuse, as it forces the district court and opposing party to sift through the facts presented to

3

determine which are material to the particular claims. *Id.* Clearly, allegations regarding the actions of the other defendants have no bearing on the claims against Dr. Rappaport.

As Plaintiff's Complaint repeatedly violates Rules 8 and 10 of the Federal Rules of Civil Procedure, the Complaint should be dismissed.

## II. Conclusion

For the reasons set forth above, Defendant, Dr. Kenneth Rappaport, respectfully requests the Court dismiss Plaintiff's Complaint.

## III. Local Rule 3.01(g) Certification

The undersigned certifies that a copy of this Motion was mailed to the pro se incarcerated Plaintiff on March 1, 2024 and in an attempt to confer with Plaintiff regarding the resolution of this Motion. The undersigned will supplement this Motion pursuant to Local Rule 3.01(g)(3) within three days of filing to certify whether the parties have resolved all or part of the Motion.

Respectfully submitted this 4th day of March, 2024.

>  */s/ Kendall S. Manini*
> Kendall S. Manini, Esq.
> Florida Bar No.: 1025543
> **MARKS GRAY, P.A.**
> Post Office Box 447
> Jacksonville, Florida 32201
> P: (904) 398-0900
> kmanini@marksgray.com
> jpopovici@marksgray.com

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on the 4th day of March 2024, the above document was electronically filed with the Clerk of Court by using the CM/ECF system which will send a notice of the electronic filing on the party listed below and the same was sent by regular U.S. Mail to:

Mr. Ibrain Diaz, #M09358
Suwannee Correctional Institution Annex
5964 U.S. Highway 90
Live Oak, FL  32060

                          **MARKS GRAY, P.A.**

                          */s/ Kendall S. Manini*
                          Jeptha F. Barbour, Esq.
                          Florida Bar No.:  347000
                          Kendall S. Manini, Esq.
                          Florida Bar No.: 1025543
                          Post Office Box 447
                          Jacksonville, Florida  32201
                          P:  (904) 398-0900
                          jbarbour@marksgray.com
                          kmanini@marksgray.com
                          dwaldenmaier@marksgray.com
                          jpopovici@marksgray.com
                          jsavage@marksgray.com
                          Attorneys for Kenneth Rappaport, M.D.